

CHRISTIAN MOREAU*
ANNE WITMEUR
YVES VAN WALLENDAEL*
JEAN-LOUIS VERELST
JACQUELIN d'OULTREMONT °
BARBARA DEN TANDT ∞

AVOCATS ASSOCIÉS
ADVOCATEN VENNOTEN

AMAURY PIRLET
NATACHA VAN DONCK
MAXIME DEVUYST
EMMANUEL ANTOINE
GILLES DE HARENNE

JULIEN BOUILLOT °
EDOUARD EECKHOUT

AVOCATS
ADVOCATEN

**WESTINGHOUSE**

Rue de l'Industrie, 43

<u>1400 NIVELLES</u>

<u>PAR COURRIER RECOMMANDE ET PAR COURRIER SIMPLE</u>

Le 31 janvier 2020

Madame, Monsieur,

**Concerne :** <u>KIRST Michael / WESTINGHOUSE</u>
N. réf. : MCW19/00077
V. réf. :

Nous intervenons en qualité de conseils de Monsieur Michael KIRST.

Notre client nous expose qu'il est entré au service de Westinghouse en septembre 1996 après avoir été recruté, en Belgique, lorsqu'il travaillait pour l'OTAN.

Il a débuté sa carrière auprès de Westinghouse aux Etats-Unis, avant de poursuivre ses prestations en Belgique à votre service à partir de juillet 2008.

Dans le cadre de son emploi, notre client a donné grande satisfaction en obtenant d'excellents résultats tout au long de sa carrière.

Il est, notamment, le principal artisan d'une croissance substantielle de votre entreprise en Europe centrale et orientale. Fin novembre, il obtenait encore l'avancement d'un contrat à plus de 100.000.000,00 $ avec la Bulgarie, ce qui lui a valu des félicitations appuyées de ses supérieurs hiérarchiques.

Le 28 octobre, Monsieur KIRST a été informé du fait que vous souhaitiez son déplacement aux Etats-Unis au motif allégué de la fin de son contrat de détachement …

Il a, bien entendu, refusé une telle proposition, alors qu'il est établi de longue date en Belgique et que sa fonction et ses prestations devaient y être effectuées.

Boulevard du Souverain 100 Vorstlaan • 1170 Bruxelles - Brussel
Tel +32 2 739 30 30 • Fax +32 2 739 30 39 • www.mcw.be
Member of Concerto, international law firms network • www.concerto.legal

◊ SPRL "JDO" BVBA          * SPRL "MOREAU & Associés" - * BVBA "MOREAU & Vennoten"          ∞ Aristar BVBA          ° SPRL "JB Avocat" BVBA

Cette prétention était formée alors qu'aucun poste n'était même identifié aux Etats-Unis pour occuper notre client et qu'il était, encore, confirmé dans sa charge de représenter Westinghouse auprès des institutions européennes début octobre 2019.

Face à la revendication légitime de notre client de voir ses droits respectés, votre société a préféré procéder à son licenciement, le 18 décembre 2019.

Aucun paiement n'était annoncé dans votre courrier daté du 19 décembre et aucun paiement n'a été effectué, laissant notre client sans aucune source de revenu !

✧

1. Eu égard à cette rupture, Monsieur KIRST peut prétendre au paiement d'une indemnité de congé en application de l'article 39 de la loi du 3 juillet 1978 relative aux contrats de travail.

Cette indemnité de congé est fixée, selon cette disposition, par référence à la rémunération en cours correspondant à la durée du délai de préavis qui eût dû être respectée.

En l'espèce, compte tenu de l'ancienneté de notre client, la durée du préavis devait être fixée à 18 mois et 18 semaines.

Il revient par conséquent à notre client une indemnité de congé équivalente à la rémunération de cette période.

La rémunération annuelle en cours au moment du licenciement de notre client peut être provisionnellement évaluée à 638.289,00 euros, après intégration des différents avantages dont il bénéficiait, en compris, l'intervention pour péréquation fiscale.

Sur base de celle-ci, il revient à notre client une indemnité provisionnellement fixée à 1.178.379,70 euros.

2. Par ailleurs, suite à la rupture des relations de travail, vous êtes tenu d'établir le décompte de sortie ainsi que de délivrer les documents sociaux.

Ceci implique, outre le paiement de la rémunération jusqu'au 18 décembre 2019, le règlement des pécules de vacances de départ, ainsi que le paiement du 13$^{ème}$ mois au prorata des prestations accomplies en 2019.

3. Notre client n'a, à ce jour, toujours pas reçu les informations concernant le *'short/long-term executive incentive award'* auquel il était en droit de prétendre pour les objectifs atteints en 2019 et pour son engagement de longue date auprès de Westinghouse.

Nous vous remercions de procéder, sans délai, au paiement de ces bonus, en fournissant les détails de leurs calculs.

4. Notre client a été choqué par la brutalité de son licenciement annoncé sans la moindre attention, ni délicatesse après qu'il se soit dévoué durant tant d'années pour son employeur et qu'il ait revendiqué, simplement, le respect de ses droits.

Il est regrettable qu'il n'ait pas pu obtenir à tout le moins un signe de reconnaissance de son engagement professionnel durant toute sa carrière à cette occasion.

Les motifs de son licenciement ne lui ont pas été communiqués.

Monsieur KIRST revendique, dès lors, la communication des motifs concrets à la base de son licenciement.

5. Notre client a constaté que vous aviez supprimé son accès à la base de données relatives à la pension complémentaire constituée. Il vous revient d'immédiatement rétablir cet accès, pour permettre à notre client de disposer des informations concernant ses droits à la pension complémentaire.



Nous vous remercions de bien vouloir nous préciser si vous êtes disposés à régler ce dossier moyennant les modalités précitées ci-dessus.

A défaut, notre client nous a chargés d'entreprendre toute démarche utile permettant de faire valoir ses droits en justice.

Nous sommes à votre disposition, si vous le souhaitez, pour conférer du contenu de la présente en vue de régler amiablement ce litige.

Elle vous est adressée, par pli simple et pli recommandé, sous toute réserve, sans reconnaissance préjudiciable et sous dénégation expresse des faits non-expressément reconnus.

Nous vous prions d'agréer, Madame, Monsieur, l'expression de nos sentiments distingués.

Amaury Pirlet  
a.pirlet@mcw.be

Christan Moreau  
c.moreau@mcw.be